IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. LINER

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

HOLLY R. LINER, APPELLANT.

Filed June 2, 2020.    Nos. A-19-1095, A-19-1099.

Appeals from the District Court for Buffalo County: JOHN H. MARSH, Judge. Affirmed.

D. Brandon Brinegar, Deputy Buffalo County Public Defender, for appellant.

Douglas J. Peterson, Attorney General, and Nathan A. Liss for appellee.

MOORE, Chief Judge, and PIRTLE and ARTERBURN, Judges.

MOORE, Chief Judge.

Holly R. Liner appeals her plea-based convictions in two separate cases in the Buffalo County District Court. She argues that she should not have been sentenced as a habitual criminal, and further argues that her sentences were excessive. We affirm the orders of the district court.

FACTUAL BACKGROUND

In the first case, No. A-19-1095 (Buffalo County District Court case No. CR 19-39), Liner was charged on February 12, 2019, with possession of a controlled substance, to wit: methamphetamine, an exceptionally hazardous drug, a Class IV felony. In the second case, No. A-19-1099 (Buffalo County District Court case No. CR 19-40), Liner was charged on the same date with the same offense. In both cases, Liner was additionally charged with being a habitual criminal. Pursuant to a plea agreement governing both cases, a third case was dismissed and Liner reserved the right to contest habitual criminal enhancement at the time of sentencing.

- 1 -

At the enhancement hearing, the State offered evidence of Liner's four prior felony convictions. In orders filed on October 24, 2019, the district court found her to be a habitual criminal and sentenced her in each case to a term of imprisonment of not less than 10 years nor more than 14 years, with the sentences to run concurrently. Liner was given credit for 332 days served. Liner timely appealed from these orders, and this court subsequently granted Liner's motion to consolidate the cases for briefing and disposition.

## ASSIGNMENTS OF ERROR

Liner asserts that the district court erred in finding her to be a habitual criminal and in imposing an excessive sentence.

## STANDARD OF REVIEW

Statutory interpretation is a question of law, which an appellate court resolves independently of the trial court. *State v. Lierman,* 305 Neb. 289, 940 N.W.2d 529 (2020).

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *Id.*

## ANALYSIS

*Habitual Criminal Finding.*

In sentencing Liner as a habitual criminal, the district court relied on the State's submission of certified copies of four prior felony convictions. Three of those prior convictions involved underlying misdemeanor crimes which were charged as felonies because they had been enhanced as a subsequent offense. One conviction was for a crime that was a felony offense on its own. In each of those cases, Liner had been sentenced to jail terms of one year or more.

Liner contends that the enhancement of her sentences as a habitual criminal is invalid because of the nature of the three prior convictions that were not felonies per se but were charged as such because of their enhancement as subsequent offenses. Liner's argument is based upon the language of Neb. Rev. Stat. § 29-2221 (Reissue 2016). Subsection (1) provides, in part:

Whoever has been twice convicted of a crime, sentenced, and committed to prison, in this or any other state or by the United States or once in this state and once at least in any other state or by the United States, for terms of not less than one year each shall, upon conviction of a felony committed in this state, be deemed to be a habitual criminal . . . .

Subsection (2) provides, in relevant part:

If the accused is convicted of a felony, before sentence is imposed a hearing shall be had before the court alone as to whether such person has been previously convicted of prior felonies. . . . At the hearing, if the court finds from the evidence submitted that the accused has been convicted two or more times of felonies and sentences imposed therefor by the courts of this or any other state or by the United States, the court shall sentence such person so convicted as a habitual criminal.

Liner's argument on appeal is that she cannot be sentenced as a habitual criminal unless she was twice convicted of felonies, and the record shows that she was previously convicted of

only one stand-alone felony. Liner believes that the prior misdemeanor charges, enhanced to felony status because they were subsequent offenses, do not qualify as felonies under the plain language of § 29-2221(2).

The Nebraska Supreme Court has recently directly addressed the issue raised by Liner in this appeal, finding that such an argument was foreclosed by its opinion in *State v. Abejide*, 293 Neb. 687, 879 N.W.2d 684 (2016). The court explained:

> In that case, we distinguished between triggering convictions and prior convictions under the statute. We explained that a triggering offense is the "offense for which the defendant is currently being sentenced" and a prior offense is "one of the offenses that establishes that the defendant was a habitual criminal at the time he or she committed the triggering offense." *Id*. at 710-11, 879 N.W.2d at 701. We then observed that the habitual criminal statute does not enhance the penalty for prior convictions, but is applied to the penalty for the triggering offense, and that thus, the fact the penalty for a prior conviction was itself enhanced does not result in a double penalty enhancement of the triggering offense. *Id*. Instead, *even convictions that are enhanced under a specific subsequent offense statute can be used as prior convictions so long as they meet the statutory requirement that such convictions resulted in terms of imprisonment of not less than 1 year*. *Id.*

*State v. Briggs*, 303 Neb. 352, 377-78, 929 N.W.2d 65, 86 (2019) (emphasis supplied).

Liner argues that this interpretation ignores the plain language of the statute and that her sentencing as a habitual criminal should not stand. Brief for appellant at 14. We disagree. As set forth in detail in *State v. Abejide, supra*, and recently reaffirmed in *State v. Briggs, supra*, the plain language of the statute indicates that a qualifying prior conviction includes any felony for which the offender received not less than 1 year's imprisonment, and even convictions that are enhanced under a specific subsequent offense statute can be used as prior convictions. The prior enhanced convictions complained of by Liner clearly meet that criteria. This assigned error fails.

*Excessive Sentence.*

Liner next argues that, if this court finds that the habitual criminal enhancement was proper, we should nonetheless find that her sentences on the two charges were excessive. Liner notes that, standing alone, a sentence for possession of a small amount of methamphetamine is a maximum of two years, and she contends that the maximum sentences actually imposed of 14 years are untenable. Liner does not contend that the sentences were outside the statutory limits, but argues that there is no indication in the record that the court considered relevant factors in determining the sentences.

In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *State v. Lierman, supra.* The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

At the enhancement and sentencing hearings, held the same day, the district court stated that it had reviewed the presentence investigative report (PSR) that was completed by probation. The PSR shows that Liner was 35 years old, had a high school education, and was unemployed. She has two children for whom her parental rights have been severed.

The PSR includes several pages of Liner's criminal history, beginning with a juvenile adjudication in 1998 for attempted third degree assault. In adult court, she has previously been convicted of theft by shoplifting (four times), attempted third degree assault, theft by unlawful taking (twice), unauthorized use of a propelled vehicle, criminal mischief, third degree assault, attempted controlled substance possession (methamphetamine), drug paraphernalia possession, possession of marijuana less than an ounce, disturbing the peace, possession of controlled substance with intent to distribute (methamphetamine), possession of controlled substance (methamphetamine) (twice), and numerous traffic related offenses.

The Level of Service/Case Management Inventory placed Liner in the very high risk to reoffend category. She scored in the maximum risk range for drugs on the Substance Abuse Questionnaire. A recent drug evaluation recommended residential treatment followed by a halfway house placement. The probation officer who completed the PSR outlined Liner's poor performance on probation in the past; she has had previous probations revoked and most recently, had post-release supervision revoked.

During the sentencing hearing, the court listened to arguments of Liner's counsel that she had a substance abuse problem that was the root of most, if not all, of her criminal convictions. The district court inquired whether Liner wished to inform it of anything that was not included in the presentence investigation. Liner responded that she had a drug problem likely resulting from her youth spent in foster care. She did not believe that prison would remedy her problems.

Liner acknowledges that the court was required to impose the mandatory minimum sentence of 10 years as a result of the habitual criminal enhancement. However, she argues that the court should have also imposed 10 years as the maximum penalty, as opposed to 14 years. Given Liner's extensive criminal record and history of substance abuse, we see no abuse of discretion in her sentencing. Contrary to the State's argument at sentencing for consecutive sentences, the court granted Liner's request to impose concurrent sentences.

## CONCLUSION

The district court did not err in finding Liner to be a habitual criminal, and did not abuse its discretion in sentencing Liner in these consolidated cases. The district court's orders are affirmed.

AFFIRMED.